# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CRIMINAL ACTION NO. 3:20-CR-00221-KDB-DCK-3

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | **ORDER** |
| CAMERON JAMAL McMANUS, | |
| Defendant. | |

**THIS MATTER** is before the Court on Defendant Cameron Jamal McManus' *pro se* motion for compassionate release and reduction in sentence under 18 U.S.C. § 3582(c)(1), the First Step Act of 2018 and appointment of counsel. (Doc. No. 93). Defendant seeks compassionate release arguing he faces a heightened risk of contracting COVID-19 while incarcerated at FCI Butner – Medium II[1] and that, due to his medical condition, he faces a heightened risk of a severe case of COVID-19 if he were to contract the virus and the need to get home to care for a son that unfortunately was shot two years ago. Having carefully reviewed the Defendant's motion, exhibits, and all other relevant portions of the record, the Court will deny his motion as Defendant has not met his burden to establish that a sentencing reduction is warranted under 18 U.S.C. § 3582(c).

Defendant is a 31-year-old male serving his prison sentence at FCI Butner – Medium II in North Carolina. He is serving a total sentence of 120 months of imprisonment followed by 4 years

---

[1] According to the Bureau of Prison's (BOP) website, FCI Butner - Medium II currently has zero inmates and zero staff with confirmed active cases of COVID-19. There has been 4 inmate deaths and no staff deaths, while 322 inmates have recovered and 104 staff have recovered. Additionally, at the FCI Butner complex, 979 staff have been fully inoculated and 4,113 inmates have been fully inoculated.

of supervised release. (Doc. No. 73). According to the Bureau of Prisons website, his scheduled release date is December 26, 2028. Defendant bases his motion on two matters, the fear of contracting COVID with his irregular heartbeat and the need to care for a minor son that unfortunately was shot two years ago. (Doc. No. 93 at 5, Doc. No. 94 at 7). According to his Presentence Investigation Report that was filed on December 14, 2020, Defendant self-reported that he had surgery in or about 2011 in Charlotte, NC for an irregular heartbeat. (Doc. No. 42, ¶ 64). Defendant fails to provide any BOP medical records to substantiate his medical claims and the treatments provided. Therefore, there is no evidence upon which the Court could find an extraordinary and compelling reason for a sentence reduction based upon medical conditions.

There is no indication that Defendant is particularly at risk from COVID-19. Also, thankfully COVID-19 is not the threat it once was, as there is no inmate nor staff currently at FCI Butner – Medium II diagnosed with COVID-19. The Government reports Defendant initially refused the Pfizer vaccine offered on August 25,2021, but later changed his mind and is fully vaccinated against COVID-19 as he received the first COVID-19 Moderna vaccination on January 5, 2022, and a second dose on February 2, 2022. (Doc. Nos. 95, 96). The Centers for Disease Control and Prevention (CDC) have evaluated the COVID-19 virus and explained that vaccines "continue to be highly effective at preventing hospitalizations and death." CDC, Benefits of Getting a COVID-19 Vaccine, www.cdc.gov/coronavirus/2019-ncov/vaccines/vaccine-benefits.html. The CDC also notes that vaccines currently available in the United States have been shown to be "highly effective" at preventing COVID-19.

Defendant also asserts that his sentence should be reduced so he can return home to Pageland, South Carolina and help his common law wife look after his minor son that was regrettably shot over 2 years ago by a stray bullet in a drive-by shooting. (Doc. No. 94 at 7). Among other things,

Defendant asserts his minor son is waking up in the middle of the night crying and yelling he wants his daddy. *Id.* Although this situation would tug at the heartstrings of any father, there are a number of relatives that could visit as needed to help the minor son deal with his trauma and emotion. Defendant's mother lives in Pageland also and Defendant has three siblings, one of whom lives in Monroe, North Carolina and the other two live in Wadesboro, North Carolina. (Doc. No. 42, ¶¶ 60-63). Both cities are within 25 miles of Pageland. These relatives could provide support as needed to Defendant's wife and minor son. The Court does not find this scenario to be a compelling and extraordinary reason for a sentence reduction.

The Court finds that neither asserted ground, alone or in combination, constitutes an extraordinary and compelling reason for compassionate release.

"[I]f the district court has determined that the defendant's § 3582(c)(1)(A) motion has demonstrated extraordinary and compelling reasons for release, it must then turn to the relevant sentencing factors set forth in § 3553(a) 'to the extent they are applicable.' § 3582(c)(1)(A). Only after considering those factors should the district court determine whether to grant compassionate release." *United States v. Malone*, 57 F.4th 167 at 174 (4th Cir. 2023). Having found there are no extraordinary and compelling reasons for release, the Court need not consider the applicable § 3553(a) factors.

Defendant asks the Court to appoint him counsel to assist him with his request for a compassionate release. However, "a criminal defendant has no right to counsel beyond his first appeal." *United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000) (quoting *Coleman v. Thompson*, 501 U.S. 722, 756 (1991). "Though in some exceptional cases due process does mandate the appointment of counsel for certain postconviction proceedings," the defendant has not presented a showing of such exceptional circumstances in this case. *Legree*, 205 F.3d at 730

(internal citation omitted). The Court finds that the interests of justice do not require appointment of counsel to assist the Defendant at this time.

For these reasons, Defendant's *pro se* motion for compassionate release and reduction in sentence under 18 U.S.C. § 3582(c)(1) and the First Step Act of 2018, (Doc. No. 93), is **DENIED.**

**SO ORDERED.**

Signed: June 15, 2023

Kenneth D. Bell
United States District Judge